Anthony M. LONGENBACH, Petitioner–Appellant,

v.

Richard SHUMSKY, Respondent–Appellee.

No. 02–55401.

D.C. No. CV–00–09505–WDK.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2002.*

Decided Dec. 13, 2002.

Before D.W. NELSON and T.G. NELSON, Circuit Judges, and SCHWARZER,** Senior District Judge.

## MEMORANDUM***

Anthony Milton Longenbach appeals the denial with prejudice of his habeas petition, claiming that because he was denied a hearing on the merits of his suppression motion, he was denied a full and fair opportunity to litigate his Fourth Amendment claim.

In a 1997 case, Longenbach was placed on probation. He signed a sentencing order giving his consent to: "Submit your person and property to search or seizure

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

at any time of day or night by any law enforcement officer, probation officer or parole officer, with or without warrant or probable cause." While on probation, he was stopped for driving with an expired registration and a search of his car revealed methamphetamine and drug paraphernalia. He was charged under California Health and Safety Code section 11378 with possession for sale of a controlled substance (methamphetamine), section 11379 transportation of methamphetamine, and section 11350 possession of a controlled substance (marinol).

His defense counsel filed a suppression motion under California Penal Code section 1538.5. While the motion was pending, Longenbach several times failed to appear or ask for a continuance of the hearing. After Longenbach pled guilty and was sentenced, his counsel asked the court to rule on the section 1538.5 motion. He submitted the motion for decision without requesting further argument or hearing. The court then denied the motion.

"Where the State has provided an opportunity for full and fair litigation for a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at trial." *Stone v. Powell,* 428 U.S. 465, 494, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). Moreover, we have held that the relevant inquiry is "whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Ortiz–Sandoval v. Gomez,* 81 F.3d 891, 899 (1996).

* The panel unanimously finds this case suitable for submission without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

Given that Longenbach failed to pursue his opportunity for a hearing, the district court properly denied his habeas petition.

AFFIRMED.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.